FILED

2023 Feb-23  AM 10:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **RONALD SATISH EMRIT,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:23-cv-00019-RDP** |
| | } | |
| **CHARLES BARKLEY, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINION</u>

On January 6, 2023, Plaintiff Ronald Satish Emrit filed a Complaint (Doc. # 1) and a Motion for Leave to Proceed *In Forma Pauperis* (Doc. # 2) in this action. On February 8, 2023, although the court had taken no action other than assigning the case to a magistrate judge, Plaintiff also filed a Notice of Appeal. (Doc. # 4). Thereafter, the case was reassigned to the undersigned. (Docs. # 5, 6).

Plaintiff seeks leave to file this lawsuit without prepayment of fees and costs. Plaintiff's affidavit of indigency supports a finding that his Motion for Leave to Proceed *In Forma Pauperis* (Doc. # 2) is due to be granted pursuant to 28 U.S.C. § 1915(a). However, there is more to this story.

### I.      Legal Standard

Title 28 U.S.C. § 1915(e)(2) requires a federal court to dismiss an action if it (1) is frivolous or malicious, or (2) fails to state a claim upon which relief may be granted. The purpose of section 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and

because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A dismissal pursuant to section 1915(e)(2) may be issued *sua sponte* by the court prior to the issuance of process so as to spare prospective defendants the inconvenience and expense of answering frivolous complaints. *Id*.

## II.    Background

In his complaint, Plaintiff alleges that, when he uses his Hotmail account, vertical banner advertisements featuring Defendant Charles Barkley interfere with his concentration. (Doc. # 1 at 4-5). Plaintiff appears to assert various claims related to this alleged annoyance, including violations of do-not-call registry laws, invasion of privacy, violations of the "business judgment rule," public nuisance, and breach of implied warranties. (*See* Doc. # 1, generally).

The complaint before this court is identical to complaints Plaintiff filed in other federal district courts. *See Emrit v. Barkley, et al.*, Case No. 1:23-cv-00003 (S.D. Ala. Jan. 3, 2023); *Emrit v. Barkley, et al.*, Case No. 2:23-cv-00017 (M.D. Ala. Jan. 9, 2023); *Emrit v. Barkley, et al.*, Case No. 2:23-cv-00156 (E.D. Pa. Jan 9, 2023); *Emrit v. Barkley, et al.*, Case No. 2:23-cv-00034 (W.D. Pa. Jan. 10, 2023); *Emrit v. Barkley, et al.*, Case No. 3:23-cv-00079 (M.D. Pa. Jan. 17, 2023). As Magistrate Judge Danella of this court noted:

> Each of the courts that has addressed Emrit's complaint—which, again, is an identical copy of the complaint in this case—has ruled that the complaint is facially meritless. For example, on January 18, 2023, the Western District of Pennsylvania dismissed Emrit's complaint for failure to state a claim, and also ruled that amendment would be futile. On January 18, 2023, the Eastern District of Pennsylvania transferred Emrit's complaint to the Southern District of Alabama under the "first-to-file" rule. On February 3, 2023, a magistrate judge for the Southern District of Alabama recommended that Emrit's case be dismissed with prejudice, because the complaint is frivolous and malicious and fails to state a claim. Finally, on February 6, 2023, the Middle District of Pennsylvania adopted a magistrate judge's report and recommendation that Emrit's complaint failed to state a claim, and dismissed that case without leave to amend. Emrit's complaint in the Middle District of Alabama remains pending.

(Doc. # 5).

Magistrate Judge Cannon of the United States District Court for the Northern District of Florida recently noted that Plaintiff is a "vexatious litigant" who has filed "over 500 cases [] throughout the country." *Emrit v. Special Agent*, 2022 WL 17824014, at *1 (N.D. Fla. Nov. 9, 2022), *report and recommendation adopted*, 2022 WL 17821575 (N.D. Fla. Dec. 20, 2022). Other courts agree. *See, e.g.*, *Emrit v. Trump*, 2019 WL 935028, at *1 (S.D. Ohio Feb. 26, 2019) ("Plaintiff Ronald Satish Emrit is declared a harassing and vexatious litigator, and therefore is ENJOINED AND PROHIBITED from filing any additional complaints in the Southern District of Ohio which have not first been certified to have been filed in the correct venue by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted, or alternatively, which are accompanied by payment of the full filing fee") (emphasis in original); *see also Emrit v. Universal Music Grp.*, 2020 WL 4751446, at *1 (M.D. Fla. Aug. 17, 2020), *aff'd*, 833 F. App'x 333 (11th Cir. 2021) (observing that Plaintiff's "vexatious litigant status is well-deserved" in light of "numerous" frivolous filings); *Emrit v. Universal Music Grp.*, 2019 WL 6251365, at *2 (W.D. Wash. Nov. 4, 2019), *report and recommendation adopted*, 2019 WL 6251192 (W.D. Wash. Nov. 22, 2019) (noting Plaintiff's "ongoing and persistent pattern of abusing the IFP privilege by filing vexatious, harassing, and duplicative lawsuits" and recognizing he "has been acknowledged as a vexatious litigant in at least six district courts").

## III.    Analysis

Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ.

P. 8(a). As such, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]o state a plausible claim for relief, the plaintiff[ ] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

A complaint is frivolous if "it lacks an arguable basis either in law or in fact," *Neitzke*, 490 U.S. at 325, or "if the 'plaintiff's realistic chances of ultimate success are slight.'" *Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990) (quoting *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990)). A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when the complaint's legal theories are "indisputably meritless" or when its factual contentions are "clearly baseless." *Neitzke*, 490 U.S. at 327. Separate from the court's authority to dismiss for failure to state a claim, the power to dismiss a complaint as frivolous provides courts with "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327). Thus, under this standard, "wildly implausible allegations in the complaint should not be taken to be true." *Id*. Further, a court may consider "a litigant's history of bringing unmeritorious litigation" when analyzing the question of frivolousness. *Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001).

The court recognizes that Plaintiff is appearing *pro se*, that filings by *pro se* litigants are to be more leniently construed, and that such litigants are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal

4

quotation marks omitted); *Evans v. Georgia Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). However, notions of leniency do not excuse a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998). Nor does this leniency require or allow courts "to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla*., 132 F.3d 1359, 1369 (11th Cir. 1998).

Plaintiff's complaint fails to satisfy the requirement under Rule 8 that all complaints must set out "a short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quotations omitted). The complaint also violates this basic pleading requirement because it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and indiscriminately directs each count against all Defendants without differentiating between Defendants and their conduct or specifying which Defendants are responsible for the acts or omissions alleged. *See Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015).

Furthermore, Plaintiff "has an apparent penchant for filing the same case simultaneously in multiple districts." *Emrit v. Devos*, 2020 U.S. Dist. LEXIS 60151, at *2, 2020 WL 1669872, at *1 (N.D. Fla. Mar. 4, 2020), *report and recommendation adopted*, 2020 WL 1668050 (N.D. Fla. Apr. 3, 2020), *aff'd sub nom. Emrit v. Sec'y, United States Dep't of Educ.*, 829 F. App'x 474 (11th Cir. 2020) (per curiam). This case is yet another illustration of that pattern. Plaintiff has filed substantively identical complaints against Charles Barkley, Subway, and FanDuel in the following

jurisdictions: *Emrit v. Barkley*, Case No. 1:23-cv-00003-KD-B (S.D. Ala. Jan. 3, 2023); *Emrit v. Barkley*, Case No. 2:23-cv-00017-RAH-SMD (M.D. Ala. Jan. 9, 2023); *Emrit v. Barkley*, Case No. 2:23-cv-00156-JMY (E.D. Pa. Jan. 9, 2023); *Emrit v. Barkley*, Case No. 2:23-cv-00034-WSS (W.D. Pa. Jan. 10, 2023); *Emrit v. Barkley*, Case No. 3:23-cv-00079-MCC (M.D. Pa. Jan. 17, 2023). Not only is he a serial filer, he is a serial copycat filer.

"It is clearly improper and an abuse of the judicial process to pursue identical claims in multiple jurisdictions." *Emrit v. Devos*, 2020 WL 1669872, at *2. The undersigned agrees with the Western District of Pennsylvania's conclusion (which is consistent with the similar conclusions of many other courts) that Plaintiff's identical claims against Charles Barkley, Subway, and FanDuel are due to be dismissed as frivolous and for failure to state a claim upon which relief may be granted. As that court aptly noted, "Emrit's entire suit is implausible and borderline delusional. He cannot file suit just because advertisements and commercials 'annoy him.'" *Emrit v. Barkley*, Case No. 2:23-cv-00034-WSS, Doc. # 2 at 6-7.

Not only is Plaintiff's complaint replete with legal conclusions and superfluous information that have no bearing on his stated causes of action, the complaint is also devoid of either direct or indirect factual "allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *See Roe v. Aware Woman Ctr. for Choice, Inc*., 253 F.3d 678, 683 (11th Cir. 2001). Plaintiff has failed to allege sufficient facts to support his stated causes of action, and the court can discern no potentially valid legal claims arising from his personal annoyance with certain advertisements or his personal belief that Charles Barkley is a less than ideal celebrity spokesperson.

**IV.    Conclusion**

Dismissal of a case with prejudice under § 1915(e)(2) is "an extreme sanction to be exercised only in appropriate cases." *Camp v. Oliver*, 798 F.2d 434, 438 (11th Cir. 1986). However, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants [such a] dismissal." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (per curiam).

Due to the frivolous nature of the claims in Plaintiff's complaint, and his repeated abuse of the judicial process through the filing of identical frivolous, duplicative, bad faith, and vexatious claims in multiple courts, the claims asserted in Plaintiff's complaint are due to be dismissed with prejudice pursuant to § 1915(e)(2)(b) and without leave to amend.[1] A district court is not required to grant leave to amend where—as here—an amendment would prove futile. *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020) ("Leave to amend would be futile if an amended complaint would still fail at the motion-to-dismiss or summary-judgment stage.") (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

A separate order will be entered.

**DONE** and **ORDERED** this February 23, 2023.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[1] The United States District Court for the Southern District of Alabama recently warned that "any further frivolous filings by Emrit in this Court will result in a recommendation that he be deemed a vexatious litigant in this district and prohibited from filing any new documents without first obtaining the Court's prior written approval." *Emrit v. Barkley*, Case No. 1:23-cv-00003-KD-B Doc. # 4 at 13-14 (S.D. Ala. Jan. 3, 2023).